## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Michael R. Weese, | ) | CASE NO.  1:15cv122 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| Brigham Sloane, Warden | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

Petitioner, Michael R. Weese ("Weese"), challenges the constitutionality of his conviction in the case of *State v. Weese*, Crawford County Court of Common Pleas Case No. 2009-CR-0179.  Weese, *pro se*, filed a Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on January 21, 2015.  On March 12, 2015, Warden Brigham Sloane ("Respondent") filed a Motion to Dismiss the Petition as Time Barred.  (Doc. No. 5.)  Weese filed a Brief in Opposition on April 1, 2015, to which Respondent replied on April 15, 2015. (Doc. Nos. 6, 7)  For reasons set forth in detail below, it is recommended that Weese's Petition be DISMISSED as time barred.

### I.  Procedural History

**A.    Conviction**

In November of 2009, a Crawford County Grand Jury charged Weese with one count of aggravated burglary in violation of Ohio Revised Code ("O.R.C.") § 2911.11(A)(1); one count of

aggravated robbery in violation of O.R.C. § 2911.01(A)(3); and, one count of felonious assault in violation O.R.C. § 2903.11(A)(1).  (Doc. No. 5-1, Exh. 1.) Weese entered a plea of not guilty. (Doc. No. 5-1, Exh. 2.)

On January 8, 2010, Weese (along with his co-defendants Robert J. Lee and Malcolm Stall) filed a motion requesting that the trial court issue an order precluding their convictions for both felonious assault and aggravated robbery on the grounds that these offenses constituted allied offenses of similar import.[1]  (Doc. No. 5-1, Exh. 3.)   The State opposed the motion.  (Doc. No. 5-1, Exh. 4.)

On January 21, 2010, Weese withdrew his former plea of not guilty and entered a plea of no contest to all charges in the indictment, reserving his ability to argue merger at sentencing. The trial court accepted the plea, and entered findings of guilty on all charges.  (Doc. No. 5-1, Exh. 5.)

Further briefing was thereafter filed regarding whether the offenses to which Weese pled guilty should be considered allied offenses of similar import.  (Doc. No. 5-1, Exhs. 6, 7, 8, 9, 10.) An evidentiary hearing was conducted on the matter on March 5, 2010.  (Doc. No. 5-1, Exh. 11.)  On March 31, 2010, the court denied the motion and found that Weese could be sentenced separately for each offense.  *Id.*

On April 5, 2010, the trial court sentenced Weese to maximum, consecutive prison terms on each count.  (Doc. No. 5-1, Exh. 12.)  Specifically, Weese was sentenced to ten years in prison for Count 1 (aggravated burglary); ten years in prison for Count 2 (aggravated robbery);

---

[1]  The motion also requested, with respect to Weese's co-defendant Stall only, that the trial court preclude Stall from being convicted for both kidnaping and aggravated robbery.  (Doc. No. 5-1, Exh. 3.)

and, eight years in prison for Count 3 (felonious assault), to be served consecutively for an aggregate prison term of twenty-eight (28) years.  *Id*.  Weese was also sentenced to pay restitution in the amount of $1,150.00.  *Id.*

**B.  Direct Appeal**

On April 27, 2010, Weese, through new counsel, filed a Notice of Appeal with the Court of Appeals for the Third Appellate District ("state appellate court").  (Doc. No. 5-1, Exh. 13.) Weese thereafter moved to consolidate his appeal with the appeals filed by co-defendants Lee and Stall.  (Doc. No. 5-1, Exh. 14.)  The appellate court granted the motion to consolidate.  (Doc. No. 5-1, Exh. 15.)

In his appellate brief, Weese raised the following assignment of error:

THE TRIAL COURT ERRED IN FAILING TO HOLD THAT THE OFFENSES OF AGGRAVATED ROBBERY, FELONIOUS ASSAULT, AND KIDNAPING, WERE ALLIED OFFENSES OF SIMILAR IMPORT; REQUIRING MERGER OF THE OFFENSES FOR PURPOSES OF SENTENCING.

(Doc. No. 5-1, Exh. 16.)  On November 22, 2010, Weese's conviction and sentence were affirmed.[2]  (Doc. No. 5-1, Exh. 19.)

On December 3, 2010, Weese filed an application for reconsideration.  (Doc. No. 5-1, Exh. 21.)   Weese's application was denied via judgment entry dated December 27, 2010.  (Doc. No. 5-1, Exh. 24.)

On December 28, 2010, the State of Ohio filed a Notice of Appeal with the Supreme Court of Ohio regarding the appellate court's reversal of Stall's conviction for the separate

---

[2]  The state appellate court, however, found that Stall's kidnaping sentence should have merged with his aggravated robbery sentence, and reversed and remanded to the trial court.  (Doc. No. 5-1, Exh. 19.)

offenses of kidnaping and aggravated robbery. (Doc. No. 5-1, Exh. 25.) In its memorandum in support of jurisdiction, the State set forth the following proposition of law:

> A REVIEWING COURT IS REQUIRED TO ACCEPT THE FACTUAL FINDINGS MADE BY A TRIAL COURT AT A MERGER HEARING. AN APPELLATE COURT MUST UPHOLD THE FACTUAL FINDINGS MADE BY THE TRIAL COURT UNLESS THOSE FACTS ARE NOT SUPPORTED BY COMPETENT CREDIBLE EVIDENCE. AN APPELLATE COURT MUST STRICTLY APPLY THOSE FACTUAL FINDINGS TO THE SEPARATE ANIMUS TEST PREVIOUSLY ENUNCIATED BY THIS COURT.

(Doc. No. 5-1, Exh. 27.)

On January 6, 2011, Weese filed a notice of cross-appeal. (Doc. No. 5-1, Exh. 28.) He then filed a memorandum opposing the State's appeal and a memorandum in support of jurisdiction of his cross-appeal. (Doc. No. 5-1, Exh. 29.) Therein, Weese set forth the following propositions of law:

> I.    THE APPELLATE COURT ERRED IN FAILING TO HOLD THAT THE OFFENSES OF AGGRAVATED ROBBERY, FELONIOUS ASSAULT AND KIDNAPING WERE ALLIED OFFENSES OF SIMILAR IMPORT, REQUIRING MERGER OF THE OFFENSES FOR PURPOSES OF SENTENCING, AS THE EVIDENCE CONCLUSIVELY DEMONSTRATED THAT THE OFFENSES WERE COMMITTED BY THE SAME CONDUCT, WITH A SINGLE STATE OF MIND.
>
> II.   THIS COURT'S PRIOR DECISION IN THE CASE OF STATE V. PRESTON DOES NOT STAND FOR THE PRINCIPLE THAT THE OFFENSES OF AGGRAVATED ROBBERY AND FELONIOUS ASSAULT MAY NEVER BE FOUND TO BE ALLIED OFFENSES OF SIMILAR IMPORT.

(Doc. No. 5-1, Exh. 29.)

On April 27, 2011, the Supreme Court of Ohio declined jurisdiction to hear Weese's cross-appeal. (Doc. No. 5-1, Exhs. 30, 31.) It did, however, accept jurisdiction over the State's appeal and vacated the portion of the appellate court's judgment with respect to co-defendant

-4-

Stall only.  *Id*.

**C.      Motion to Withdraw Plea**

On July 9, 2012, Weese filed a *pro se* motion to withdraw his no contest plea and a motion for production of transcripts.  (Doc. No. 5-1, Exhs. 32, 33.)  In his motion to withdraw plea, Weese argued his trial counsel was ineffective and "unduly pressured him" into pleading no contest to all the charges in the indictment.  (Doc. No. 5-1, Exh. 32.)  In addition, Weese claimed trial counsel advised him that his offenses were allied offenses and, therefore, he would only receive a sentence of ten years.  *Id*.  The State opposed Weese's motion.  (Doc. No. 5-1, Exh. 34.)

On August 22, 2012, Weese's motions to withdraw plea and for production of transcripts were denied.  (Doc. Nos.  35, 36.)  Weese did not appeal.

**D.      Delayed Application to Reopen Appeal Pursuant to Ohio App. R. 26(B)**

On August 26, 2013, Weese filed a *pro se* Delayed Application to Reopen his appeal pursuant to Ohio App. R. 26(B).  (Doc. No. 5-1, Exh. 37.)  Therein, Weese claimed that the reason for the delayed filing was his appellate counsel's failure to timely inform him either of the result of his appeal, or that he was no longer representing Weese.  *Id*.  Weese further claimed his appellate counsel was ineffective for failing to raise the following assignments of error:

    I.      TRIAL COUNSEL ANDREW MOTTER WAS INEFFECTIVE FOR NOT REQUESTING RELIEF FROM PREJUDICIAL JOINDER FROM CO-DEFENDANTS THAT MADE PREJUDICIAL STATEMENTS AGAINST DEFENDANT-APPELLANT PURSUANT TO OHIO CRIM R. 14, AND O.R.C. § 2941.13, AND 18 U.S.C. §§ 3363, 3364.

    II.     TRIAL COUNSEL WAS INEFFECTIVE FOR NOT ARGUING THAT AGGRAVATED ROBBERY & AGGRAVATED BURGLARY ARE

ALLIED OFFENSES OF SIMILAR IMPORT IN CONTEMPLATION
OF O.R.C. § 2941.25, AND THE SEPARATE CONVICTIONS
VIOLATED APPELLANT'S CONSTITUTIONAL RIGHTS AGAINST
DOUBLE JEOPARDY GUARANTEED BY ART. 1, SEC. 10 OF THE
CONSTITUTION AND 5TH & 14TH AMEN. TO THE U.S.
CONSTITUTION.

III.    IN THIS CASE, THE OFFENSES OF AGGRAVATED ROBBERY
AND AGGRAVATED BURGLARY ARE ALLIED OFFENSES OF
SIMILAR IMPORT, WITHIN THE CONTEMPLATION OF O.R.C. §
2941.25(A), AND THE SEPARATE CONVICTIONS VIOLATE
APPELLANT'S RIGHTS AGAINST DOUBLE JEOPARDY
GUARANTEED BY ARTICLE 1, SECTION 10 OF THE OHIO
CONSTITUTION AND THE 5TH, 14TH AMENDMENTS OF THE U.S.
CONSTITUTION.

(Doc. No. 5-1, Exh. 37.)  The State moved to dismiss the application on the basis that it

was untimely and Weese had failed to demonstrate good cause for the delay.  (Doc. No.

5-1, Exh. 38.)  On September 13, 2013, Weese's delayed application was denied.  (Doc.

No. 5-1, Exh. 39.)

On October 28, 2013, Weese filed a *pro se* notice of appeal with the Supreme Court of

Ohio.  (Doc. No. 5-1, Exh. 40.)  In his memorandum in support of jurisdiction, Weese set forth

the following propositions of law:

I.    APPELLANT [SIC] COUNSEL WAS INEFFECTIVE FOR NOT
RAISING INEFFECTIVE ASSISTANCE OF COUNSEL UNDER THE
6TH AMENDMENT OF THE U.S. CONSTITUTION AND ARTICLE 1,
SEC. 10 OF THE OHIO CONSTITUTION.  APPELLATE COUNSEL
WAS INEFFECTIVE FOR NOT RAISING INEFFECTIVE
ASSISTANCE OF COUNSEL FOR TWO OF THE FOLLOWING
ERRORS: **ERROR ONE**, THE TRIAL COUNSEL'S PERFORMANCE
WAS DEFICIENT DUE TO MR. ANDREW MOTTER NOT ASKING
THE COURT FOR 'RELIEF FROM PREJUDICIAL JOINDER'
PURSUANT TO OHIO CRIM. R. 14.  **ERROR TWO**, APPELLANT
COUNSEL WAS INEFFECTIVE FOR NOT RAISING INEFFECTIVE
ASSISTANCE OF TRIAL COUNSEL [ON THE GROUNDS THAT]
MR. ANDREW MOTTER FAILED TO RAISE THAT THE OFFENSES
OF AGGRAVATED ROBBERY, AND AGGRAVATED BURGLARY

-6-

ARE ALLIED OFFENSES OF SIMILAR IMPORT WITHIN THE
CONTEMPLATION OF O.R.C. § 2941.25, AND THE SEPARATE
CONVICTIONS VIOLATED MR. WEESE'S CONSTITUTIONAL
RIGHTS AGAINST DOUBLE JEOPARDY GUARANTEED BY ART.
1, SEC. 10 OF THE OHIO CONSTITUTION AND 5TH, 14TH AMEN.
TO THE U.S. CONSTITUTION.

II.      IN THIS CASE, THE OFFENSES OF AGGRAVATED ROBBERY
AND AGGRAVATED BURGLARY ARE ALLIED OFFENSES OF
SIMILAR IMPORT WITHIN THE WITHIN THE CONTEMPLATION
OF O.R.C. § 2941.25, AND THE SEPARATE CONVICTIONS
VIOLATED MR. WEESE'S CONSTITUTIONAL RIGHTS AGAINST
DOUBLE JEOPARDY GUARANTEED BY ART. 1, SEC. 10 OF THE
OHIO CONSTITUTION AND 5TH, 14TH AMEN. TO THE U.S.
CONSTITUTION.

(Doc. No. 5-1, Exh. 41.)  On January 22, 2014, the Supreme Court of Ohio declined jurisdiction

of the appeal pursuant to S.Ct. Prac. R. 7.08(B)(4).  (Doc. No. 5-1, Exh. 43.)

### E.      Federal Habeas Petition

On January 14, 2015,[3] Weese filed a Petition for Writ of Habeas Corpus and asserted the

following grounds for relief:

I.      APPELLANT [SIC] COUNSEL WAS INEFFECTIVE FOR NOT
RAISING INEFFECTIVE ASSISTANCE OF COUNSEL UNDER
THE 6TH AMENDMENT OF THE U.S. CONSTITUTION AND
ARTICLE 1, SECTION 10, OF THE OHIO CONSTITUTION.

II.      THE OFFENSES OF AGGRAVATED ROBBERY AND
AGGRAVATED BURGLARY ARE ALLIED OFFENSES OF

---

[3] Weese's Petition states that he placed his Petition in the prison mailing system six
days earlier, on January 14, 2015  (Doc. No. 1 at 11.)  Under the prison mailbox rule, as
articulated by the Supreme Court in *Houston v. Lack*, 487 U.S. 266, 276 (1988), a *pro se*
prisoner's notice of appeal will be considered timely if given to prison officials for
mailing prior to the filing deadline, regardless of when the document is actually filed.
The *Houston* court adopted the prison "mailbox" rule because it recognized the fact that
prisoners cannot take the steps available to other litigants to monitor the processing of
filings with the court.  As such, the Court will consider January 14, 2015 the filing date
for statute of limitations purposes.

SIMILAR IMPORT WITHIN THE CONTEMPLATION OF R.C.
§ 2941.21, AND THE SEPARATE CONVICTIONS VIOLATED
APPELLANT'S CONSTITUTIONAL RIGHTS AGAINST
DOUBLE JEOPARDY GUARANTEED BY ARTICLE 1,
SECTION 10, OF THE OHIO CONSTITUTION AND THE 5TH,
14TH AMENDMENTS TO THE UNITED STATES
CONSTITUTION.

(Doc. No. 1.)

Respondent filed a Motion to Dismiss the Petition as Time-Barred on March 12, 2015.

(Doc. No. 5.)  Weese filed a Brief in Opposition on April 1, 2015, to which Respondent replied

on April 15, 2015.  (Doc. Nos. 6, 7.)

## II.  Statute of Limitations

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), 28 U.S.C. § 2254.  *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997).  The

relevant provisions of AEDPA state:

> (d)(1) A one year period of limitations shall apply to the
> filing of an application for a writ of habeas corpus by a person in
> custody pursuant to the judgment of a State court.  The limitation
> period shall run from the latest of–
>
> > (A) the date on which the judgment became final
> > by the conclusion of direct review or the expiration
> > of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an
> > application created by State action in violation of
> > the Constitution or laws of the United States is
> > removed, if the applicant was prevented from filing
> > by such State action;
> >
> > (C) the date on which the constitutional right
> > asserted was initially recognized by the Supreme
> > Court and made retroactively applicable to cases on
> > collateral review; or
> >
> > (D) the date on which the factual predicate of the

-8-

> claim or claims presented could have been
> discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for
> State post-conviction or other collateral review with respect to the
> pertinent judgment or claim is pending shall not be counted
> toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

## A.     One-Year Limitation

The AEDPA establishes a general rule that there is a one-year statute of limitations for

filing a habeas petition in federal court for persons in custody pursuant to the judgment of a state

court.  28 U.S.C. § 2244(d)(1).  *See Mackey v. Warden, Lebanon Correctional Institution*, 2013

WL 1908890 at * 3 (6th Cir. May 9, 2013).  Subsection 2244(d)(1)(A) indicates that the

limitations period runs from the date on which the state court judgment becomes final by

conclusion of direct review or the expiration of the time for seeking such review, whichever is

later.  The Sixth Circuit has found that, for petitioners who seek review on direct appeal in the

Supreme Court of Ohio, "the one-year statute of limitations does not begin to run until the time

for filing a petition for a writ of certiorari for direct review in the United States Supreme Court

has expired."  *Bronaugh v. Ohio*, 235 F.3d 280, 282 (6th Cir. 2000).  *See also Ajumu v. Goodrich*,

2014 WL 1236268 at * 1 (N.D. Ohio March 24, 2014); *Pimental v. Hudson*, 2008 WL 4186922 at

* 1 (N.D. Ohio Sept. 5, 2008).

Here, Weese was sentenced on April 5, 2010 and timely appealed on April 27, 2010.  (Doc.

No. 5-1, Exhs. 12, 13.)  The state appellate court affirmed his conviction and sentence on

November 22, 2010.  (Doc. No. 5-1, Exh. 19.)  Weese thereafter filed an application for

reconsideration, which was denied on December 27, 2010.  (Doc. No. 5-1, Exhs.  21, 24.)  Weese

-9-

appealed to the Ohio Supreme Court on January 6, 2011. (Doc. No. 5-1, Exh. 28.) The Ohio Supreme Court declined jurisdiction on April 27, 2011, and Weese did not file a petition for writ of certiorari. (Doc. No. 5-1, Exhs. 30, 31.) Based on this sequence of events, Respondent argues Weese's conviction and sentence became "final" for purposes of § 2244(d)(1)(A) on July 26, 2011, ninety (90) days after the Ohio Supreme Court dismissed his appeal and the time period for seeking a petition for writ of certiorari in the United States Supreme Court expired. (Doc. No. 5 at 11.) Respondent then asserts that the limitations period commenced on July 27, 2011 and, absent tolling, would have expired one year later on July 27, 2012. *Id.*

However, as Respondent correctly notes, the AEDPA tolls the one-year limitations period during the time "'a properly filed application for State postconviction or other collateral review . . . is pending.' § 2244(d)(2)." *Evans v. Chavis*, 546 U.S. 189, 191 (2006); *Carey v. Saffold*, 536 U.S. 214 (2002); *accord Matthews v. Abramajtys*, 319 F.3d 780, 787 (6th Cir. 2003). "The time that an application for state post-conviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Id.*[4]

Only "properly filed" applications for post-conviction relief or collateral review toll the statute of limitations, and "a state post-conviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)." *Allen v. Siebert*, 552 U.S. 3, 128 S. Ct. 2, 3 (2007); *Pace v. DiGuglielmo,* 544 U.S. 408, 125 S.Ct. 1807 (2005) ("time limits, no

---

[4]An application for state habeas review is an application for state post-conviction review or other collateral review within the meaning of the AEDPA. *See Abela v. Martin*, 348 F.3d 164, 170 (6th Cir. 2003), *overruled on other grounds as stated in Sanders v. Bobby*, 2008 U.S. Dist. LEXIS 7248 (N.D. Ohio 2008).

matter their form, are 'filing' conditions, and a state postconviction petition is therefore not 'properly filed' if it was rejected by the state court as untimely"); *Monroe v. Jackson*, 2009 WL 73905, *2, Case No. 2:08cv1168 (S.D. Ohio Jan. 8, 2009).  A timely filed state post-conviction matter, however, cannot serve to toll a statute of limitations which has already expired before the motion was filed.  *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).  Section 2244(d)(2)'s tolling provision "does not ... 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."  *Vroman*, 346 F.3d at 602 (citation omitted).  Further, if a state court ultimately denies a petition as untimely, that petition was neither properly filed nor pending and a petitioner would not be entitled to statutory tolling.  *See Monroe* at *2; *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007).

Here, Weese filed his *pro se* Motion to Withdraw Plea on July 9, 2012.  Thus, the limitations period began to run on July 27, 2011 (i.e., the day after Weese's conviction became final on  July 26, 2011), and ran continuously for 348 days until he filed his Motion to Withdraw Plea on July 9, 2012.  The statute was then tolled until the state trial court denied Weese's motion on August 22, 2012, and began to run again on August 23, 2012.  Weese did not appeal from the denial of his motion to withdraw plea.  Therefore, the limitations period ran uninterrupted from August 23, 2012 for 17 days until it expired on September 9, 2012.  Weese did file a delayed application to reopen his appeal under Ohio App. R. 26(B) (hereinafter "26(B) Application") on August 26, 2013.  However, as noted above, state collateral review proceedings can no longer serve to avoid the statute of limitations bar once the limitations period is expired.  *See Vroman*, 346 F.3d at 602.  Because Weese's 26(B) application was filed well after the statutory limitations

-11-

period expired, it did not have any further tolling effect.

As the statutory limitations period expired on September 9, 2012 and Weese did not file his habeas petition until January 14, 2015, Respondent argues it is over two years late and should be dismissed as time-barred.[5]  The Court agrees with Respondent and finds that Weese's Petition is untimely for the reasons set forth above.  Therefore, unless equitable tolling is appropriate or Weese is entitled to begin calculating the statute of limitations from an alternative date, his Petition should be dismissed as time-barred.

### B.      Factual Predicate

Pursuant to 28 U.S.C. § 2244(d)(1)(D), the statute of limitations may commence later than the date when a petitioner's conviction became final if "the factual predicate of the claim or claims presented" was not discovered by a petitioner, acting with due diligence, until a later date.

Weese's first habeas claim is that his appellate counsel was ineffective for failing to assert ineffective assistance based on trial counsel's failure to file a motion requesting the severance of his charges from those of his co-defendants.  Weese's second habeas claim is that the offenses of aggravated robbery and aggravated burglary are allied offenses of similar import and his separate convictions on these charges violated his federal constitutional right to be free from double jeopardy.

Weese does not argue that the factual predicates of these claims became known to him at

---

[5] In calculating these dates, Respondent does not toll the statute of limitations during the 30 day time period when Weese could have filed an appeal from the state trial court's denial of his motion to withdraw plea.  Weese does not argue the limitations period should be tolled during this 30 day time period.  Even if the Court were to afford Weese every benefit of the doubt and toll the limitations period an additional 30 days, his Petition would remain over two years late.

some point in time after his conviction became final.  By its very nature, Weese's second ground for relief is based on facts that would have been known to him at the time of sentencing in April 2010.  With regard to Weese's first habeas claim, the factual predicate of this ineffective assistance of appellate counsel claim would have been known to Weese by no later than the date the Ohio Supreme Court dismissed his cross-appeal, i.e.  April 27, 2011.  This is well prior to the date Weese's conviction became final on July 27, 2011.  Accordingly, and in the absence of any argument to the contrary, the Court finds Weese has failed to identify any factual predicate that would justify a later start date of the statute of limitations.[6]

> ### C.     Equitable Tolling

Although the Petition herein is untimely, the AEDPA statute of limitations period is also subject to equitable tolling.  *See Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010).  Equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010).  *See also Hall v. Warden, Lebanon Correctional Institution*, 662 F.3d 745, 749 (6th Cir. 2011).  However, the equitable tolling doctrine is granted by courts only "sparingly."  *See Robertson*, 624 F.3d at 784.  Moreover, "although 'the party asserting statute of limitations as an affirmative defense has the burden of demonstrating that the statute has run,' the petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 741

---

[6]Weese does not argue that the limitations period should commence at a later date because a constitutional right asserted in the Petition was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. *See* § 2244(d)(1)(C).

(6th Cir. 2011)(quoting *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

In order to be entitled to equitable tolling, a habeas petitioner must establish that (1) he has been pursuing his rights diligently; and, (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland*, 130 S.Ct. at 2565. *See also Hall*, 662 F.3d at 749; *Griffin*, 308 F.3d at 653. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum diligence." *Holland*, 130 S.Ct. at 2565. That being said, the Sixth Circuit has held that excessive delays in filing lack appropriate diligence. *See e.g. Keeling v. Warden*, 673 F.3d 452, 463-64 (6th Cir. 2012); *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003)(stating that a court should be "much less forgiving . . . where the claimant failed to exercise due diligence in preserving his legal rights").

Here, Weese argues he is entitled to equitable tolling because "he was unaware of the result of his appeal and also unaware that his counsel no longer represented him." (Doc. No. 6 at 2.) He claims that, once he learned his appeal had been denied, he "began trying to properly pursue it as best that he as a *pro se* petitioner unlearned in the law and its procedures as possible." *Id.* Weese maintains he "diligently tried to follow the rules as best as he understood them." *Id.*

Respondent asserts Weese "was simply dilatory in the pursuit of his claims in the state courts and before this Court." (Doc. No. 5 at 13.) Respondent notes that, in Weese's 26(B) Application, he claimed the cause for his delay was that he was unaware of the result of his appeal (or that his appellate counsel was no longer representing him) until he received a letter from his counsel dated May 30, 2013. (Doc. No. 5-1, Exh. 37.) Respondent argues Weese's claim is, in fact, contradicted by the fact that he filed *pro se* motions to withdraw plea and for production of transcripts in July 2012. Moreover, Respondent argues that Weese's *pro se* status

-14-

and "professed ignorance of the law" do not justify equitable tolling of the limitations period for filing a federal habeas petition.

Finally, Respondent claims that, even if the Court were to give Weese every possible benefit of the doubt and provide equitable tolling until May 30, 2013 (i.e., the date he claims to have learned his appeal was denied and he was no longer represented by appellate counsel), Weese's petition would still be untimely. Specifically, Respondent asserts that, assuming the statute began to run on May 31, 2013, eighty-seven (87) days elapsed until Weese filed his 26(B) application on August 26, 2013. The limitations period was then tolled until the Ohio Supreme Court declined to exercise jurisdiction over the delayed appeal on January 22, 2014. Respondent claims that Weese's limitation period began to run the next day (January 23, 2014) and ran uninterrupted for 278 days until it expired on October 28, 2014. Because Weese did not file his Petition until January 14, 2015, Respondent asserts it is untimely by more than seventy (70) days.

The Sixth Circuit has found that "[b]oth ineffective assistance of counsel and 'a substantial, involuntary delay in learning about the status of their appeals' may constitute extraordinary circumstances sufficient to warrant" equitable tolling. *Keeling*, 673 F.3d at 462 (quoting *Robinson v. Easterling*, 2011 WL 1977272 at * 3 (6th Cir. May 20, 2011)). However, "petitioners who receive delayed notification of a state court judgment due to clerical or attorney errors may not seek equitable tolling if they 'passively await decision.'" *Robinson*, 2011 WL 1977272 at * 3 (quoting *Miller v. Collins*, 305 F.3d 491, 496 (6th Cir. 2002)). Rather, to obtain equitable tolling, a petitioner "must demonstrate that he exercised a reasonable diligence in protecting his appellate rights." *Id.*

In a case similar to the one at bar, the Sixth Circuit recently affirmed the district court's

refusal to equitably toll the statute of limitations, and summarized the law on this issue as follows:

> Keeling himself admits that he waited almost three years after the decision in his original appeal to the Ohio Court of Appeals before filing his first *pro se* post-conviction motion. "While this Court has recognized that attorney assurances and the realities of incarceration may justifiably delay a petitioner's request for a case status update, ... this Court has never granted equitable tolling to a petitioner who sat on his rights for a year and a half**."** *Robinson*, 424 Fed.Appx. at 443. In *Robinson*, the petitioner requested case updates from his attorney, who failed to provide them, and the petitioner waited eighteen months between his last two update requests. *Id*. at 440–41, 443. This court found that the petitioner failed to exercise the required diligence in pursuing his rights and affirmed the district court decision declining to equitably toll the statute of limitations, even though the petitioner's attorney failed to inform him of the appellate decision for more than one year after it issued. *Id.* at 440–43. Further, we have declined to allow equitable tolling where a petitioner's attorney misled him into believing that his appeal was still pending before the state court because the petitioner failed to diligently monitor the progress of his appeal. *Winkfield v. Bagley*, 66 Fed.Appx. 578, 583–84 (6th Cir. 2003). Similarly, this court has declined to equitably toll the statute of limitations where a petitioner alleged that the state court and his attorney failed to inform him that a decision had been rendered affirming his conviction. *Elliott v. Dewitt*, 10 Fed.Appx. 311, 312–13 (6th Cir. 2001).
>
> Here, Keeling's delay exceeds that which has previously been found excessive and inappropriate for the application of equitable tolling. *See Robinson*, 424 Fed.Appx. at 443. Keeling did not diligently monitor the status of his appeal. *See Winkfield*, 66 Fed.Appx. at 583–84; *Elliott,* 10 Fed.Appx. at 313. Even after learning of the Court of Appeals's decision, Keeling did not diligently pursue his delayed appeal or file a timely federal habeas petition. Despite Keeling's argument to the contrary, he has not acted with the sufficient diligence to warrant equitable tolling of the statute of limitations.

*Keeling*, 673 F.3d at 463-64 (emphasis added).

Like the petitioner in *Keeling*, above, the Court finds Weese failed to exercise reasonable diligence in either monitoring the status of his appeal or protecting his federal habeas rights. Over two years elapsed between the Ohio Supreme Court's dismissal of Weese's appeal (April 27, 2011) and the date Weese filed his 26(B) Application (August 26, 2013). Although Weese asserts appellate counsel failed to communicate with him, Weese offers no explanation for failing

-16-

to monitor the status of his appeal through other means, such as direct contact with the state court clerks' office. Moreover, the Court notes that, in his 26(B) Application, Weese states he received correspondence from his appellate counsel on July 1, 2010 stating his appeal had been consolidated with the appeals filed by co-defendants Lee and Stall. (Doc. No. 5-1, Exh. 37 at PageID # 345) However, it appears Weese then waited nearly three years, until April 30, 2013, before requesting that appellate counsel send him a copy of his case file. *Id*. Weese does not dispute that appellate counsel promptly responded to Weese's request, sending copies of Weese's appellate case file on May 8, 2013 and providing further clarification regarding the status of Weese's appeal on May 30, 2013. (Doc. No. 5-1, Exh. 37 at PageID # 356, 368.) Weese does not offer any explanation for his delay in reaching out to appellate counsel for an update regarding the status of his appeal. Finally, even after Weese was advised on May 30, 2013 that his appeal had been denied and his appellate counsel no longer represented him, Weese does not explain why he then waited nearly three months to file his August 26, 2013 26(B) Application. Nor does he explain why he waited nearly a year to file his habeas petition (on January 14, 2015) after his appeal from the denial of his 26(B) Application was dismissed (on January 22, 2014.) In light of the above, it is recommended the Court find Weese has failed to demonstrate reasonable diligence and that, therefore, equitable tolling is not warranted.

However, even assuming equitable tolling would be justified based on appellate counsel's alleged failure to timely communicate with Weese, the Court would still find the instant Petition to be untimely. As noted above, Weese asserts he did not learn his appeal had been denied until he received the May 30, 2013 letter from appellate counsel. If the Court were to give Weese every possible benefit of the doubt and toll the statute of limitations until that date, the limitations

-17-

period would have begun to run on May 31, 2013 and would have run until he filed his 26(B) Application on August 26, 2013, a total of eighty-seven (87) days. The limitations period was then tolled until January 22, 2014, the date on which the Ohio Supreme Court declined to exercise jurisdiction over Weese's appeal from the denial of his 26(B) Application. Weese's limitation period began to run again the next day (January 23, 2014) and ran uninterrupted for 278 days until it expired on October 28, 2014. Weese did not deliver his Petition to prison authorities for mailing until January 14, 2015, more than seventy (70) days later.

Thus, even if the Court were to give Weese the benefit of the doubt and equitably toll the statute of limitations until the date he discovered that his appeal had been denied (i.e. May 30, 2013), the instant Petition would nevertheless be untimely.

**D.      Actual Innocence**

In *McQuiggan v. Perkins*, ––– U.S. ––––, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013), the United States Supreme Court recently held that actual innocence, if proved, may overcome the expiration of AEDPA's one-year statute of limitations. The Court noted that a claim of actual innocence is not a request for equitable tolling but, rather, a request for an equitable exception to § 2244(d)(1). *Id*. at 1931.

For the actual innocence exception to apply, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). The Supreme Court explained, however, that "tenable actual-innocence gateway pleas are rare" and "'[a] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the

-18-

new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggan*, 133 S.Ct. at 1928 (quoting *Schlup,* 513 U.S. at 329).  In making this assessment, "'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence." *Id.* (quoting *Schlup*, 513 U.S. at 332).[7]

Here, Weese has not asserted that he is actually innocent.  Nor has he come forward with any evidence, much less new and reliable evidence, of actual innocence.  Thus, the Court finds Weese has not demonstrated he is entitled to the actual innocence exception.

Accordingly, and in light of all of the above, it is recommended the Court find that the instant Petition is time-barred under § 2244(d)(1).[8]

---

[7]  The Court notes that, here, Weese pled no contest.  "It is well-settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Bousley v. United States*, 523 U.S. 614, 621 (1998).  However, the Sixth Circuit has held that "[a] petitioner may claim actual innocence for the purposes of equitable tolling, even if his conviction was the result of a plea." *Connolly v. Howes*, 304 Fed. Appx. 412, 417 (6th Cir. 2008).  *See also Alford v. Goodrich*, 2014 WL 359996 at * 10 (N.D. Ohio Jan. 31, 2014).  In such cases, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 298.

[8] Weese requests, summarily, that if the Court finds his petition time-barred, the Court should "transfer this Writ to the Sixth Circuit Court of Appeals as a Second or Successive Writ of Habeas Corpus and inform Petitioner of any other necessary filings that he may be required to file." (Doc. No. 6 at 3.)  The Court recommends this request be rejected.  There is no record that Weese has filed any previous habeas petition in this Court relating to his conviction in Crawford County Case No. 2009-CR-0179.  Accordingly, the instant Petition is not "second" or "successive" and there is no basis for transferring it to the Sixth Circuit.

## III.  Conclusion

For the foregoing reasons, it is recommended that this matter be DISMISSED as time-barred.

/s/ *Greg White*
U.S. Magistrate Judge

Date: <u>January 21, 2016</u>

## <u>OBJECTIONS</u>

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986)**

-20-