**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL R. WEESE,** | ) | **CASE NO. 1:15CV122** |
| | ) | |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **BRIGHAM SLOANE, Warden,** | ) | |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Michael R. Weese's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, and dismisses Petitioner's Petition as time barred.

## FACTS

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

1

In November of 2009, Petitioner was charged with one count of Aggravated Burglary, one count of Aggravated Robbery and one count of Felonious Assault.  On January 21, 2010, Petitioner entered a plea of no contest to all charges in the indictment.  On April 5, 2010, the trial court sentenced Petitioner to maximum, consecutive prison terms on each count, specifically, ten years in prison for Aggravated Burglary, ten years in prison for Aggravated Robbery and eight years in prison for Felonious Assault to be served consecutively, for an aggregate prison term of twenty-eight years.  Petitioner was also ordered to pay restitution in the amount of $1,150.00

On April 27, 2010, Petitioner filed a Notice of Appeal with the Court of Appeals for the Third Appellate District.  On November 22, 2010, Petitioner's conviction and sentence were affirmed.  On December 3, 2010, Petitioner filed an Application for Reconsideration.  Petitioner's Application was denied via judgment entry dated December 27, 2010.

On December 28, 2010, the State of Ohio filed a Notice of Appeal with the Supreme Court of Ohio regarding the Court of Appeals' reversal of one of the co-defendant's conviction for the separate offenses of Kidnaping and Aggravated Robbery.  On January 6, 2011, Petitioner filed a Notice of Cross-Appeal.  He then filed a Memorandum opposing the State's Appeal and a Memorandum in Support of Jurisdiction of his Cross-Appeal.  On April 27, 2011, the Supreme Court of Ohio declined jurisdiction to hear Petitioner's Cross-Appeal, but did accept jurisdiction over the State's Appeal and vacated the portion of the Court of Appeals' judgment with respect to the co-defendant.

On July 9, 2012, Petitioner filed a Motion to Withdraw his no-contest plea and a Motion for Production of Transcripts.  On August 22, 2012, Petitioner's Motions were denied.  Petitioner did not appeal.  On August 26, 2013, Petitioner filed a Delayed Application to Reopen his Appeal pursuant to Ohio App. R. 26(B).  The State moved to dismiss the Application on the basis that it was untimely and Petitioner had failed to demonstrate good cause for the delay.  On September 13, 2013, Petitioner's delayed Application was denied.  On October 28, 2013, Petitioner filed a Notice of Appeal with the Supreme Court of Ohio.  On January 22, 2014, the Supreme Court of Ohio declined jurisdiction.

Petitioner filed the instant Petition on January 14, 2015, asserting two grounds for relief.  On January 28, 2015,  this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation.   Respondent filed a Motion to Dismiss the Petition as Time-Barred on March 12, 2015.   Petitioner filed a Brief in Opposition on April 1, 2015, to which Respondent replied on April 15, 2015.  The Magistrate Judge issued his Report and Recommendation on January 21, 2016.  On February 8, 2016, Petitioner filed an Objection to the Magistrate's Judge's Report and Recommendation.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States."  Further, a federal court may

grant habeas relief if the state court arrives at a decision opposite to that reached by the

Supreme Court of the United States on a question of law, or if the state court decides a

case differently than did the Supreme Court on a set of materially indistinguishable

facts.  *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).  The appropriate measure of

whether or not a state court decision unreasonably applied clearly established federal

law is whether that state adjudication was "objectively unreasonable" and not merely

erroneous or incorrect.  *Williams*, 529 U.S. at 409-411.

　　　　Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are

presumed correct, rebuttable only by clear and convincing evidence to the contrary.

*McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004).  Finally, Rule 8(b)(4) of the

Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of
> those portions of the report or specified proposed findings or
> recommendations to which objection is made.  A judge of the
> court may accept, reject, or modify in whole or in part any
> findings or recommendations made by the magistrate.

## **ANALYSIS**

　　　　This case is governed by the Antiterrorism and Effective Death Penalty Act of

1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337

(1997).  The relevant provisions of AEDPA state:

> (d)(1) A one year period of limitations shall apply to the
> filing of an application for a writ of habeas corpus by a person in
> custody pursuant to the judgment of a State court.  The limitation
> period shall run from the latest of–
>
> > (A) the date on which the judgment became final
> > by the conclusion of direct review or the expiration
> > of the time for seeking such review;
> > (B) the date on which the impediment to filing an

> application created by State action in violation of
> the Constitution or laws of the United States is
> removed, if the applicant was prevented from filing
> by such State action;
>
> (C) the date on which the constitutional right
> asserted was initially recognized by the Supreme
> Court and made retroactively applicable to cases on
> Collateral review; or
>
> (D) the date on which the factual predicate of the claim
> or claims presented could have been discovered
> through the exercise of due diligence.
>
> (2) The time during which a properly filed application for
> State post-conviction or other collateral review with respect to the
> pertinent judgment or claim is pending shall not be counted
> toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

The AEDPA establishes a general rule that there is a one-year statute of limitations for filing a habeas petition in federal court for persons in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). *See Mackey v. Warden*, *Lebanon Correctional Institution*, 2013 WL 1908890 at * 3 (6th Cir. May 9, 2013). Subsection 2244(d)(1)(A) indicates that the limitations period runs from the date on which the state court judgment becomes final by conclusion of direct review or the expiration of the time for seeking such review, whichever is later.  The Sixth Circuit has found that, for petitioners who seek review on direct appeal in the Supreme Court of Ohio, "the one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired." *Bronaugh v. Ohio*, 235 F.3d 280, 282 (6th Cir. 2000).  *See also Ajumu v. Goodrich,* 2014 WL 1236268 at * 1 (N.D. Ohio March 24, 2014);  *Pimental v. Hudson*, 2008 WL

4186922 at * 1 (N.D. Ohio Sept. 5, 2008).

The Court agrees with the Magistrate Judge that Petitioner's Petition is untimely. Petitioner's conviction and sentence became "final" for purposes of § 2244(d)(1)(A) on July 26, 2011, ninety days after the Ohio Supreme Court dismissed his appeal and the time period for seeking a petition for writ of certiorari in the United States Supreme Court expired.  The limitations period commenced on July 27, 2011, and absent tolling, would have expired one year later on July 27, 2012.   However, the AEDPA tolls the one-year limitations period during the time "'a properly filed application for State postconviction or other collateral review . . . is pending.' § 2244(d)(2)." *Evans v. Chavis*, 546 U.S. 189, 191 (2006); *Carey v. Saffold*, 536 U.S. 214 (2002); *accord Matthews v. Abramajtys*, 319 F.3d 780, 787 (6th Cir. 2003).

The Magistrate Judge correctly determined that in this case  Petitioner 's conviction became final on July 26, 2011, and the limitations period began to run on July 27, 2011.  Petitioner filed his Motion to Withdraw Plea on July 9, 2012.  The statute was then tolled until the state trial court denied Petitioner's Motion on August 22, 2012, and began to run again on August 23, 2012.  Petitioner did not appeal from the denial of his Motion to Withdraw Plea.  Therefore, the limitations period ran uninterrupted from August 23, 2012 for seventeen days until it expired on September 9, 2012.

Petitioner filed a Delayed Application to Reopen his Appeal under Ohio App. R. 26(B) on August 26, 2013.  However, Section 2244(d)(2)'s tolling provision "does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598,

6

602 (6th Cir. 2003).  The Court agrees with the Magistrate Judge that because Petitioner's 26(B) application was filed well after the statutory limitations period expired, it did not have any further tolling effect.

The Magistrate Judge further points out that although Petitioner's Petition is untimely, the AEDPA statute of limitations period is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). Equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010).  *See also Hall v. Warden, Lebanon Correctional Institution*, 662 F.3d 745, 749 (6th Cir. 2011).

In order to be entitled to equitable tolling, a habeas petitioner must establish that (1) he has been pursuing his rights diligently; and, (2) some extraordinary circumstance stood in his way and prevented timely filing.  *Holland*, 130 S.Ct. at 2565.  Although Petitioner contends that he is entitled to equitable tolling because he was unaware of the result of his appeal, the Magistrate Judge found that Petitioner failed to exercise reasonable diligence.  Petitioner had stated in his 26(B) Application that he received correspondence from his appellate counsel on July 1, 2010 stating his appeal had been consolidated with the appeals filed by his co-defendants, but then waited nearly three years, until April 30, 2013, before requesting that appellate counsel send him a copy of his case file.

Clearly, Petitioner was aware of the progress of his appeal but still waited nearly three months to file his August 26, 2013 26(B) Application.  The Court agrees with the Magistrate Judge's calculations that the limitations period would have begun to run on

7

May 31, 2013, and would have run until he filed his 26(B) Application on August 26, 2013, a total of eighty-seven days.  The limitations period was then tolled until January 22, 2014, the date on which the Ohio Supreme Court declined to exercise jurisdiction over Petitioner's appeal from the denial of his 26(B) Application.  Petitioner's limitation period began to run again the next day (January 23, 2014) and ran uninterrupted for two-hundred seventy-eight days until it expired on October 28, 2014.  Petitioner did not deliver his Petition to prison authorities for mailing until January 14, 2015, more than seventy days later.

Petitioner's Objection to the Report and Recommendation does not provide the Court with any additional information that would affect the calculation of tolling. Petitioner simply restates that he pursued his rights diligently.  Petitioner has not asserted that he is actually innocent and thus he is not entitled to the actual innocence exception.  Therefore, the Court finds that Petitioner's Petition is time-barred.

For the foregoing reasons, the Court  **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation, grants Respondent's Motion to Dismiss and dismisses Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody as time barred.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3).  Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Date:2/16/2016  s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge